UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GENE GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-01297 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| PRUDENTIAL DISABILITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM

Plaintiff, Gene Gamble, filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. seeking an award of long term disability benefits ("LTD") from Defendant, Prudential Disability Insurance Company, the administrator of Plaintiff's employee benefits plan. The Defendant filed the Administrative Record. (Docket Entry No. 20, Attachments 4-7).

Before the Court is Defendant's motion for summary judgment (Docket Entry No. 20), contending, in sum, that Plaintiff's benefits were limited to a 15-month term that Defendant paid and Plaintiff is not entitled to further benefits under the Plan. Defendant also asserts that Plaintiff's state law claims are preempted under ERISA. Plaintiff has not filed a response to Defendant's motion for summary judgment.

For the reasons set forth below, the Court concludes that based upon the undisputed facts Defendant's motion for summary judgment should be granted.

## A. Findings of Fact[1]

Plaintiff worked as a vice president for JP Morgan Chase Bank, N.A. ("JP Morgan"). (Docket Entry No. 20-9, Defendant's Statement of Material Facts, at ¶ 10). Plaintiff participated in the JP Morgan Chase Long-Term Disability Plan ("the Plan") that provides certain disability insurance benefits to eligible employees. Id. at ¶ 1. Prudential Disability Insurance Company ("Prudential") is the claims administrator of the Plan. Id. at ¶¶ 1-2. On August 15, 2011, Plaintiff, who was 68 years old, discontinued his employment because of a serious medical condition. Id. at ¶¶ 11-12; Docket Entry No. 1-1, Complaint, at ¶ 4. Plaintiff applied for long term disability ("LTD") benefits from the Plan in December 2011. (Docket Entry No. 20-9, Defendant's Statement of Material Facts, at ¶ 13).

According to the terms of the Plan, an employee who is 68 years old on the date disability begins, will receive LTD benefits for a maximum duration of 15 months. (Docket Entry No. 20-4, Administrative Record at 22-23). On January 13, 2012, Plaintiff's claim for LTD benefits was approved. (Docket Entry No. 20-7, Administrative Record at 218-220. Defendant stated, "LTD benefits are approved to the maximum duration date of May 12, 2013." Id. at 218. Plaintiff began receiving benefits on February 13, 2012, and these benefits were terminated on May 12, 2013. (Docket Entry No. 20-9, Defendant's Statement of Material Facts, at ¶ 16). In a letter dated January 11, 2013, Defendant informed Plaintiff of the following:

---

[1]Defendant filed contemporaneously with its motion for summary judgment a statement of undisputed facts (Docket Entry No. 20-9), in accordance with Local Rule 56.01(b). Plaintiff has not filed a response to Defendant's statement of undisputed facts. Accordingly, Defendant's proffered statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

> Under the terms of the plan, benefits are payable up to a maximum duration, and our records indicate that the maximum duration of your LTD claim is May 12, 2013. Therefore, your claim is terminated effective May 13, 2013 with no further benefits payable.
>
> Please note that your claim is not being closed on the basis of an evaluation of your medical status but rather on the contractual maximum duration of benefits payable under the terms of the policy.

(Docket Entry No. 20-7, Administrative Record at 214). Plaintiff twice appealed the termination of LTD benefits, but Defendant denied his appeals, explaining that under the terms of the Plan, Plaintiff was only allowed to receive 15 months of LTD benefits. (Docket Entry No. 20-9, Defendant's Statement of Material Facts at ¶¶ 17-20; Docket Entry No. 20-7, Administrative Record at 208-215).

### B. Conclusions of Law

Under ERISA, the review of a denial of benefits is subject to a "de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the language of the Plan grants the plan administrator discretionary authority to determine eligibility for benefits or to construe plan terms, then the arbitrary and capricious standard applies. Id.; Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 380 (6th Cir. 1996). For the arbitrary and capricious standard of review, the Plan must contain "'a *clear* grant of discretion [to the administrator] to determine benefits or interpret the plan.'" Perez v. Aetna Life Ins. Co., 150 F.3d 550, 555 (6th Cir. 1998) (en banc) (quoting Wulf v. Quantum Chem. Corp., 26 F.3d 1368, 1373 (6th Cir. 1994) (emphasis in original).

Here, the Plan grants Prudential discretion to interpret the terms of the Plan and determine eligibility for benefits. Under the terms of the Plan,

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

(Docket Entry No. 20-4, Administrative Record at 40).

This language is sufficiently clear and express to grant discretionary authority to Defendant Prudential to determine eligibility and interpret the terms of the plan. Bagsby v. Central States, Southeast & Southwest Areas Pension Fund, 162 F.3d 424, 428 (6th Cir. 1998) (applying the arbitrary and capricious standard where the plan granted "discretionary and final authority" to the trustees). Accordingly, the Court concludes that the arbitrary and capricious standard of review applies in this action.

"'The arbitrary and capricious standard is the least demanding form of judicial review.'" Smith v. Continental Cas. Co., 450 F.3d 253, 259 (6th Cir. 2006) (quoting Williams v. Int'l Paper Co., 227 F.3d 706, 712 (6th Cir. 2000)). The "'standard is extremely deferential' .... An 'extremely deferential review,' to be true to its purpose, must actually honor an 'extreme' level of 'deference' to the administrative decision." McClain v. Eaton Corp. Disability Plan, 740 F.3d 1059, 1064 (6th Cir. 2014) (citations omitted).

An administrator's decision is not arbitrary or capricious if it is "rational in light of the plan's provisions." Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir. 1988). Thus, the standard is met if the decision "is based on a reasonable interpretation of the plan." Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund, 203 F.3d 926,

933 (6th Cir. 2000). A reasonable interpretation of the plan requires the plan administrator to "adhere to the plain meaning of its language, as it would be construed by an ordinary person." Id. at 934.

Plaintiff contends that Defendant "arbitrarily cease[d] paying benefits under the policy," because "nothing about Plaintiff's disability had changed." (Docket Entry No. 1-1, Complaint, at ¶ 6). Under the terms of the Plan, if a claimant is 68 years old on the date disability begins, the duration of benefits is 15 months. The Group Contract provides, in relevant part:

> **How Long Will Prudential Continue to Send You Payments?**
>
> Prudential will send you a payment each month up to the *maximum period of payment*. Your maximum period of payment is:
>
> | Your Age on Date Disability Begins | Your Maximum Period of Benefits |
> |---|---|
> | ... | ... |
> | Age 68 | 15 months |
> | ... | ... |
>
> We will stop sending you payments and your claim will end on the earliest of the following:
>
> ...
> 2. The end of the maximum period of payment.
> ...
> *Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

(Docket Entry No. 20-4, Administrative Record at 22-23).

The Plan provides that a claimant who is 68 years old at the time of his disability will receive benefits for a period of 15 months. "When interpreting ERISA plan provisions, general principles of contract law dictate that we interpret the provisions according to their plain meaning in an ordinary and popular sense." Williams v. International Paper Co., 227 F.3d 706, 711 (6th

Cir. 2000) (citing Perez v. Aetna Life Ins. Co., 150 F.3d 550, 556 (6th Cir. 1998)). The Plan's provision is unambiguous. Because Plaintiff was 68 years old on the date his disability began, the term of his benefits was 15 months. Plaintiff began receiving benefits on February 13, 2012, and the benefits continued for 15 months until May 12, 2013. For these reasons, the Court concludes that Defendant's decision to terminate LTD benefits after the maximum duration was neither arbitrary nor capricious and Plaintiff's ERISA claim fails.

As to Plaintiff's state law claims, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991); Smith v. Commonwealth General Corp., 589 F.App'x 738, 744 (6th Cir. 2014). As explained by the Supreme Court, "the detailed provisions of [ERISA] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). "Therefore, any state-law cause of action that duplicates, supplements, or supplants

the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

Here, Plaintiff asserts claims for breach of contract and a violation of Tennessee Code Annotated § 56-7-197. Plaintiff asserts that he is "a third party beneficiary to the contract between Defendant and J.P. Morgan Chase, Inc. to provide its employees with long term disability insurance. Defendant is in breach of its contract denying Plaintiff his benefits and Plaintiff has suffered damages as a direct result." (Docket Entry No. 1-1, Complaint at ¶ 9). Because this claim is related to the employee benefit plan, the Court concludes the state law claim is preempted by ERISA.

Plaintiff next asserts that "Defendant's denial of benefits notwithstanding her (sic) medical records and treating physician's opinion of her (sic) disability constitute bad faith in violation of T.C.A. 56-7-197." Id. at ¶ 10. Although no such section exists, Plaintiff may have intended to cite Tenn. Code Ann. § 56-7-105, "Bad faith refusal to pay." This claim is related to the employee benefit plan and is preempted by ERISA. See also Productive MD, LLC v. Aetna Health, Inc., 969 F.Supp.2d 901, 937 (M.D. Tenn. 2013).

Because ERISA preempts Plaintiff's state law claims, the Court concludes that Plaintiff's state law claims should be dismissed.

Accordingly, for these reasons, the Court concludes that Defendant's motion for summary judgment (Docket Entry No. 20) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the __18th__ day of May, 2015.

                                              WILLIAM J. HAYNES, JR.
                                              Senior United States District Judge